IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **RICKY GUINN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 6:24-cv-483 |
| | § | |
| **COMBINED OILFIELD SERVICES, LLC,** | § | |
| **ANDREW JORDAN SERVICES, LLC,** | § | |
| **AND ANDREW JORDAN,** | § | |
| **INDIVIDUALLY,** | § | |
| | § | |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Ricky Guinn ("Guinn") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

### I. NATURE OF SUIT

1. Defendants have violated the FLSA by failing to pay Guinn, a non-exempt logistics manager, in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay Guinn at time-and-one-half his regular rate of pay for all hours worked in excess of forty hours within a workweek, although they had full knowledge that Guinn consistently worked over forty hours per week. Defendants also failed to pay Guinn at all for the last several months of his employment.

### II. PARTIES

2. Plaintiff Ricky Guinn is an individual residing in Kilgore, Texas.

3. Combined Oilfield Services, LLC is a domestic corporation doing business in Henderson, Texas.

4. Combined Oilfield Services, LLC's registered agent for service of process is Andrew Jordan, and he may be served at 2008 County Road 301 S, Henderson, Texas 75652 or at 2081 County Road 301 S, Henderson, Texas 75654 or wherever else he may be found.

5. At all times relevant to this claim, Combined Oilfield Services, LLC was an employer of Guinn as defined by 29 U.S.C. §203(d).

6. Andrew Jordan Services, LLC is a domestic corporation doing business in Henderson, Texas.

7. Andrew Jordan Services, LLC's registered agent for service of process is Andrew Jordan, and he may be served at 2008 County Road 301 S, Henderson, Texas 75652 or at 2081 County Road 301 S, Henderson, Texas 75654 or wherever else he may be found.

8. At all times relevant to this claim, Andrew Jordan Services, LLC was an employer of Guinn as defined by 29 U.S.C. §203(d).

9. Andrew Jordan is an individual who is the president and owner of Andrew Jordan Services, LLC and Combined Oilfield Services, LLC, and he may be served at 2008 County Road 301 S, Henderson, Texas 75652 or at 2081 County Road 301 S, Henderson, Texas 75654 or wherever else he may be found.

10. Andrew Jordan individually employed Guinn.

11. Andrew Jordan was an employer of Guinn as defined by 29 U.S.C. §203(d).

12. Andrew Jordan acted directly or indirectly in the interest of Andrew Jordan Services, LLC and Combined Oilfield Services, LLC, in relation to Guinn's employment.

13. Andrew Jordan exercised managerial responsibilities and substantial control over employees of Andrew Jordan Services, LLC and Combined Oilfield Services, LLC, including Guinn.

14. Andrew Jordan exercised managerial responsibilities and substantial control over the terms and conditions of employees of Andrew Jordan Services, LLC and Combined Oilfield Services, LLC, including the terms and conditions of Guinn's employment.

15. Andrew Jordan had and exercised his authority to hire, fire and direct employees of Andrew Jordan Services, LLC and Combined Oilfield Services, LLC, including Guinn.

16. Andrew Jordan had and exercised his authority to supervise and control the employment relationships and work schedules of employees of Andrew Jordan Services, LLC and Combined Oilfield Services, LLC, including Guinn.

17. Andrew Jordan had and exercised his authority to set and determine the rate and method of pay of employees of Andrew Jordan Services, LLC and Combined Oilfield Services, LLC, including Guinn.

18. Andrew Jordan had and exercised his authority to decide whether employees of Andrew Jordan Services, LLC and Combined Oilfield Services, LLC, including Guinn, received overtime compensation and were paid according to their promised rates for all hours worked.

19. Andrew Jordan also kept and maintained employment records for employees of Andrew Jordan Services, LLC and Combined Oilfield Services, LLC, including Guinn.

### III. JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

21. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Rusk County, Texas, which is in this District and Division.

Guinn was an employee of Defendants and performed work for Defendants in and around Rusk County, Texas. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

22. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Guinn.

23. At all relevant times, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all relevant times, Defendants Andrew Jordan Services, LLC and Combined Oilfield Services, LLC have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all relevant times, Defendants Andrew Jordan Services, LLC and Combined Oilfield Services, LLC have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants Andrew Jordan Services, LLC and Combined Oilfield Services, LLC are each an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all times hereinafter mentioned, Guinn was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production

of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

27. As an employee of Defendants, Guinn handled items such as cell phones and computers as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

28. Defendants operate trucking companies that haul freight within Texas.

29. Defendants employed Guinn as a logistics manager.

30. Guinn started working for Defendants on or about August 1, 2023.

31. Guinn and Defendants agreed that Guinn would be paid $2,200 per week.

32. During all times relevant to this action, Guinn was non-exempt.

33. Guinn routinely worked long hours and consistently worked more than forty hours per week.

34. Defendants paid no overtime premiums for any hours Guinn worked over forty per workweek, even though Guinn consistently worked more than forty hours per week.

35. In fact, Guinn typically worked between 12-14 hours per day, 7 days per week.

36. Defendants were fully aware that Guinn consistently worked over forty hours per workweek.

37. Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Guinn.

38. Defendants purposefully ignored their obligation to compensate non-exempt employees such as Guinn for overtime.

39. Apart from one week in December, as of November 1, 2023, Defendants inexplicably stopped paying Plaintiff.

40. Despite multiple inquiries, Defendants refused to explain why they refused to pay Plaintiff.

41. Even though they stopped paying Plaintiff, Defendants did not fire Plaintiff and continued allowing Plaintiff to perform work for Defendants.

42. In other words, even though they were not paying Plaintiff, Defendants continued to allow Plaintiff to come to work every day and benefit from Plaintiff's services.

43. Plaintiff ultimately stopped working for Defendants in early April 2024.

44. Additionally, Plaintiff referred a number of his past clients to Defendants, and Plaintiff risked irretrievably damaging these relationships if he suddenly stopped work. As such, Plaintiff continued working for Defendants, hoping that Defendants would ultimately start paying him again.

45. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Guinn overtime compensation and regular wages.

## VI. CAUSES OF ACTION:

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

46. Guinn incorporates all allegations in the foregoing paragraphs as though fully set forth herein.

47. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Guinn, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Guinn, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Guinn, were employed. Defendants have acted willfully in failing to pay their non-exempt employees, including Guinn, in accordance with applicable law.

### B. FAILURE TO PAY MINIMUM WAGE IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

48. Guinn incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

49. Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff minimum wage for all hours worked during his employment. No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff minimum wage from November 2023 through April 2024. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wage compensation.

### C.   BREACH OF CONTRACT AND QUASI-CONTRACT

50. Guinn incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

51. Alternatively, Plaintiff is entitled to recover damages for Defendants' failure to pay Plaintiff for all hours worked under the Texas common law for breach of contract. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

52. During the course of his employment, Plaintiff and Defendants entered into a valid and enforceable contract regarding payment of Plaintiff's wages in exchange for Plaintiff's services. Pursuant to this contract, Defendants were obligated to pay Plaintiff the full amount of his agreed-upon compensation every pay period. Plaintiff has fully performed all his contractual obligations.

53. Defendants breached this contract by failing to pay Plaintiff all compensation he was owed under the above-referenced contract. Defendants' breach caused injury to Plaintiff, which resulted in damages. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

54. By virtue of the filing of this Original Complaint, Plaintiff has made presentment to Defendants as per Texas Civil Practice and Remedies Code, § 38.002.  Plaintiff also seeks to recover damages

against Defendants for the full amount of his unpaid wages under the Texas common law for promissory estoppel, unjust enrichment, or money had and received.

55. Alternatively, Defendants owe Plaintiff all unpaid compensation at Plaintiff's full regular rate under *quantum meruit* for services Plaintiff provided directly to Defendants. Defendants accepted these services under such circumstances that Defendants were reasonably notified that Plaintiff expected to be paid by Defendants.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Guinn prays for judgment against Defendants Andrew Jordan Services, LLC, Combined Oilfield Services, LLC and Andrew Jordan, individually, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Guinn and for liquidated damages equal in amount to the unpaid compensation found due to Guinn;

    b.    For an Order awarding Guinn unpaid wages for non-overtime hours at Plaintiff's regular rate of pay under his contracts (express or implied) or under any applicable statute;

    c.    For an Order awarding Guinn reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA and by Chapter 38 of the Texas Civil Practice and Remedies Code;

    d.    For an Order awarding Guinn pre-judgment and post-judgment interest at the highest rates allowed by law;

    e.    For an Order awarding Guinn declaratory and injunctive relief as necessary to prevent the Defendants' further violations and to effectuate the purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

  f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

          Respectfully Submitted,

          **WELMAKER LAW, PLLC**
          409 N. Fredonia, Suite 118
          Longview, Texas 75601
          Tel: (512) 499-2048

          By: */s/ Douglas B. Welmaker*
            Douglas B. Welmaker
            Texas State Bar No. 00788641
            doug@welmakerlaw.com

          **ATTORNEY FOR PLAINTIFF**