IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RICKY GUINN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:24-cv-483-JDK |
| | § | |
| COMBINED OILFIELD SERVICES, LLC, ANDREW JORDAN SERVICES, LLC, AND ANDREW JORDAN, INDIVIDUALLY, | § § § § | |
| | § | |
| Defendants. | | |

## JOINT RULE 26 REPORT

Plaintiff Ricky Guinn and Defendants Combined Oilfield Services, LLC, Andrew Jordan Services, LLC and Andrew Jordan individually ("the "Parties") file this Joint Rule 26 Report and in support thereof, would show the following:

**(1)    A brief statement of the claims and defenses;**

Plaintiff claims that Defendants failed to pay him overtime premiums for any hours worked over forty per workweek. Additionally, Plaintiff claims that he was not paid at all for several months of work performed for Defendants, in spite of Defendants' promises that Plaintiff would eventually be compensated for such work.

Defendants claim that Plaintiff was a nonemployee contractor and was not owed overtime under the FLSA. Further, Plaintiff ran routes as a trucker contractor across state lines in a truck weighing more than 10,000 pounds; therefore, he would be subject to the Motor Carrier Exemption even if he were an employee of Defendants.

**(2)    The jurisdictional basis for the suit; and, if the parties assert that 28 U.S.C. § 1332(a) provides the jurisdictional basis of the suit, a statement identifying the citizenship of each party to the suit in sufficient detail to support such jurisdiction;**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

**(3)    The existence of any related cases and the appropriateness of consolidation;**

None.

**(4)    Whether the parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case;**

The parties do not expect to utilize experts in this matter, except after judgment, if any, as to attorney's fees via submission.

**(5)    A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;**

-Discovery will be needed on Plaintiff's job duties, pay and hours worked, as well as Defendants' knowledge of Plaintiff's job duties, pay and hours worked.  Discovery will also be needed regarding discussions or agreements or promises to pay Plaintiff for work performed for Defendants, and Defendants' knowledge of the FLSA.

-The Parties believe that discovery can be completed by August 29, 2025.

-The Parties do not anticipate the need for expert discovery.

-The Parties do not believe that discovery should be conducted in phases.

**(6)    Whether document production should proceed by requests for production or mandatory disclosure;**

The parties are amenable to document production proceeding by requests for production.

**(7)    Any proposed changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other discovery limitations;**

None.

**(8)    Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

The Parties agree to comply with Federal Rules of Civil Procedure in connection with the disclosure and discovery of electronically stored information and, if needed, to confer and work collaboratively to discuss search terms with respect to searching sources of electronically stored information and whether metadata is needed. To the extent the parties have discovery in ESI form, they agree to preserve same and make it available to the party requesting it.  There are no known issues with production of ESI at this time.

**(9)    Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;**

None at this time.

**(10)   The suitability of the Court's proposed trial date (given below), a proposed trial date that may better suit the needs of the case (if applicable) and an explanation for why the parties' proposed trial date better meets the needs of this case, estimated number of days required for trial, and whether a jury has been demanded;**

The Parties have no objections to the proposed trial date, estimate that trial will take 3 days at most, and have not requested a jury.

**(11)   Objections to Federal Rule of Civil Procedure 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The parties intend to exchange initial disclosures within 14 days of the Scheduling Conference in this matter.

**(12)    The parties' position on mediation or arbitration to resolve this litigation, including:**

**-Whether the parties believe mediation or arbitration would be helpful to settlement and if not, specific reasons why not;**

    The parties believe that mediation may be helpful to resolution of this matter.

**-The phase of the case when mediation or arbitration would be most effective (e.g., before discovery, after limited discovery, after discovery closes, after filing dispositive motions, etc.);**

    Mediation may be most effective after some initial written discovery has been conducted.

**-Whether the parties prefer to mediate with a private mediator (at the parties' expense) or with a U.S. Magistrate Judge;**

    The parties are amenable to mediation with a US Magistrate Judge.

**(13)    A status report on any settlement negotiations (but shall not disclose settlement figures);**

    The parties are currently attempting to determine whether it makes sense to begin informal negotiations.

**(14)    Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

    None.

**(15)    Whether a conference with the Court is desired; and**

    A conference with the Court does not appear to be necessary at this time.

**(16)    Any other matters relevant to the status and disposition of this case, including any other Orders the parties propose the Court should issue under Rules 16(b) and (c) and 26(c).**

    None.

Respectfully submitted,

WELMAKER LAW, PLLC

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

Respectfully submitted,

/s/ Eric Kolder
ERIC KOLDER
Lead Attorney
State Bar Card No. 24083323
eric@kolderfirm.com
MARY KOLDER
State Bar No. 24083324
mary@kolderfirm.com
KOLDER LAW FIRM, PLLC
102 N. College, Suite 402
Tyler, Texas 75702
(903) 262-8708

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

I certify that both parties consulted with each other in order to prepare this Rule 26 Report on February 24, 2025.

/s/ Douglas B. Welmaker
Douglas B. Welmaker

5

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on February 24, 2025.

/s/ Douglas B. Welmaker
Douglas B. Welmaker