IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RICKY GUINN | § | |
|     *PLAINTIFF* | § | |
| | § | CIVIL ACTION NO. 6:24-cv-483-JDK |
| VS. | § | |
| | § | |
| COMBINED OILFIELD SERVICES, LLC | § | |
| ANDREW JORDAN SERVICES, LLC, | § | |
| AND ANDREW JORDAN, INDIVIDUALLY | § | |
|     *DEFENDANTS* | § | |
| | § | |

DEFENDANTS' FIRST AMENDED ANSWER

Defendants Combined Oilfield Services, LLC ("COS"), Andrew Jordan Services, LLC ("AJS"), and Andrew Jordan ("Jordan"), individually (collectively, "Defendants") file this First Amended Answer to the Plaintiff's Original Complaint of Plaintiff Ricky Guinn ("Plaintiff" or "Guinn"), and would show the Court as follows:

**I.   NATURE OF SUIT**

1.   Defendants deny the allegations in Paragraph 1.

**II.   PARTIES**

2.   Defendants admit the allegations in Paragraph 2.

3.   Defendants admit the allegations in Paragraph 3.

4.   Defendants admit the allegations in Paragraph 4.

5.   Defendants deny the allegations in Paragraph 5.

6.   Defendants admit the allegations in Paragraph 6.

7.   Defendants admit the allegations in Paragraph 7.

8.   Defendants deny the allegations in Paragraph 8.

9.  Defendants admit the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

### III. JURISDICTION AND VENUE

20. Defendants do not contest jurisdiction.

21. Defendants do not contest venue.   Otherwise, Defendants deny the allegations in Paragraph 21.

### IV. COVERAGE UNDER THE FLSA

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

### V.  FACTUAL ALLEGATIONS

28. Defendants admit COS operates a trucking company in Texas.  Defendants deny the remaining allegations in Paragraph 26.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants admit the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants were aware of their duty to pay overtime any nonexempt employees. Defendants deny the remaining allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

## VI. CAUSES OF ACTION

46. Defendants incorporate their responses to Paragraphs 1-45 by reference.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants incorporate their responses to Paragraphs 1-47 by reference.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants incorporate their responses to Paragraphs 1-49 by reference.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to mitigate his damages, if any.

2. Defendants' conduct was performed in good faith and there were no willful or intentional acts violation of any law.

3. The claims of Plaintiff are barred because actions taken in connection with Plaintiff's compensation were taken in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

4. In the event any sum may be found due and owing to Plaintiff, which Defendants deny, the Court should exercise its discretion to limit or reduce liquidated damages claims because any acts or omissions by Defendants giving rise to this action were taken in good faith, not done willfully or with intent, and/or were taken with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

5. In the event any sum may be found due and owing to Plaintiff, which Defendants deny, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.

6. Defendants allege that Plaintiff was exempt from the FLSA's minimum wage overtime provisions under the executive and/or outside salesman exemptions.

**PRAYER**

For these reasons, Defendants ask the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendants all other relief to which he is entitled.

Respectfully submitted,

/s/ *Eric Kolder*
ERIC KOLDER
Lead Attorney
State Bar Card No. 24083323
eric@kolderfirm.com
MARY KOLDER
State Bar No. 24083324
mary@kolderfirm.com
**KOLDER LAW FIRM, PLLC**
102 N. College, Suite 402
Tyler, Texas 75702
(903) 262-8708

ATTORNEYS FOR DEFENDANTS

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service April 28, 2025. Local Rule CV-5(a)(3)(A).

/s/ *Eric Kolder*
ERIC KOLDER